UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60004-CIV-MARRA/JOHNSON

BERNARDO MARTINS,

Plaintiff,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Bernardo Martins' ("Plaintiff") Motion for Remand [DE 3].  Defendant Empire Indemnity Insurance Company ("Defendant") filed a response [DE 4]. Plaintiff did not file a reply memorandum.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On January 2, 2008, Defendant filed a Petition for Removal of an action from the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida [DE 1].  Defendant invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Under § 1332, the Court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."  The underlying state court Complaint alleges breach of an insurance contract by Defendant for failure to pay Plaintiff damages for losses to Plaintiff's property resulting from hurricane force winds on or about October 24, 2005.  (Compl. ¶ ¶ 11-16, DE 1.)   The Complaint states that the amount in controversy exceeds the sum of $15,000.00. (Compl. ¶1.)  The Petition for Removal states that

the insurance policy at issue provides coverage in the amount of $339,260.00. (Petition ¶ 4; Additional Named Insured Certificate, Ex. A, attached to Petition.)

Plaintiff seeks remand, claiming that there is no record evidence that Plaintiff's claim seeks in excess of $75,000.00 and that the damages sought are not "near the policy limits." (Mot. at 3.)  In response, Defendant argues that the face value of the insurance contract is sufficient evidence of the amount in controversy. (Resp. at 3-4.)

Where a defendant removes a case but the exact amount of damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir 2000).   In the Eleventh Circuit, a Court must "review the propriety of removal on the basis of the removing documents." Lowery, 483 F.3d at 1211.  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." Id. Specifically, the Court "considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Id. at 1213; see also Lindsey v. Alabama Telephone Co., 576 F.2d 593, 594 (5th Cir. 1978)[1] ("We must therefore consider whether, when the petition for removal was filed in the district court, the complaint adequately alleged the existence of the jurisdictional amount"). If the evidence is insufficient to establish the Court's jurisdiction, "neither the defendants nor the

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

court may speculate in an attempt to make up for the notice's failings." Lowery, 483 F.3d 1214-15; see also Lindsey, 576 F.2d at 595.  As always, removal to federal court should be narrowly construed and all doubts should be resolved against accepting removal jurisdiction.  Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); Diaz v. Sheppard, 85 F.3d 1502,1505 (11th Cir. 1996).

In determining the amount in controversy in the insurance context, numerous courts have held that "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy."  Kelly v. General Star National Indemnity Co., No. 8:07-CV-1143-JDW-TGW, 2007 WL 3034654, * 2 (M.D. Fla. Oct. 16, 2007); see also Hartford Ins. Co. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002) (stating that in declaratory judgment cases, the jurisdictional amount is measured by the value of the underlying claim and not the face amount of the policy); Employers Mutual Casualty Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, * 2 (S.D. Ala. Dec. 27, 2007) ("a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit"); Warth v. State Farm Fire & Casualty Co., 792 F. Supp. 101, 103 (M.D. Fla. 1992) ("[d]ue to the fact that [the] [p]laintiffs in this case have not plead or represented to this Court the damages they seek, the face amount of the [insurance] policy does not control on the issue of the threshold jurisdictional amount").  Based on this precedent, the Court concludes that the sole evidence provided by Defendant, i.e., the policy limits for Plaintiff's insurance policy, does not meet Defendant's burden of establishing that the jurisdictional amount in controversy has been met.

Nonetheless, Defendant points to Guardian Life Ins. Co. of Am. v. Muniz, 101 F.3d 93

(11th Cir. 1996) and C.E. Carnes & Co. v. Employers' Liability Assurance Corp., 101 F.2d 739 (5th Cir. 1939) in support of its position that the face value of an insurance policy should be considered when determining the jurisdictional amount. (Resp. at 4.)  However, as noted in the subsequent case of Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1357 (11th Cir. 2005), those cases concerned disputes over the validity of the insurance policy or the scope of insurance coverage.  In other words, they did not address the propriety of looking at the face value of a policy for jurisdictional purposes when either the dispute did not seek damages equal to the face value of the policy or there was no evidence submitted regarding the damages sought.  As such, the Court rejects Defendant's reliance on these cases and chooses instead to follow the reasoning of the cases discussed supra.

Accordingly, Plaintiff Bernardo Martins' Motion for Remand [DE 3] is **GRANTED**. This case is **REMANDED** back to the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.  The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE and ORDERED** at West Palm Beach, Palm Beach County, Florida this 21st day of March 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

all counsel of record